## 7699

### McINTOSH v. AUGUSTA & AIKEN RY. CO.

Cᴀʀʀɪᴇʀ—Pᴀꜱꜱᴇɴɢᴇʀ—Wɪʟꜰᴜʟɴᴇꜱꜱ—Bᴀɢɢᴀɢᴇ.—The Court cannot say as matter of law that a small piece of ice properly wrapped is not personal baggage. Under the rules of the carrier and the acts of the conductor in refusing to permit a passenger to take on an electric car a small piece of ice for a sick man, wrapped so as not to leak, verdict for punitive damages permitted to stand.

Before Gᴀɢᴇ J. Aiken October 1909. Affirmed.

Action by William McIntosh against Augusta and Aiken Railway Co. in Court of Magistrate J. M. Merchant. From circuit order affirming judgment of magistrate, defendant appeals.

*Messrs. Boykin Wright, Geo. T. Jackson* and *J. B. Salley* for appellant, cite: *Ice not baggage:* 6 Cyc. 666c. *No custom to carry:* 27 Ency. 1038; 71 S. C. 303; 6 Cyc. 661; 43 L. R. A. 284; 65 N. J. L. 228; 48 L. R. A. 744 *No evidence of wantonness:* 13 Cyc. 109; 12 Ency. 45; 69 S. C. 439.

*Messrs. Croft & Croft* contra, cite: *What is personal baggage is for jury:* 6 Cyc. 667; 3 Wood on R. R. 1512-3; 3 Ency. 531-2. *As to punitive damages:* 74 S. C. 391; 45 S. C. 505. *Findings of fact cannot be reviewed here:* 56 S. C. 476.

October 27, 1910. The opinion of the Court was delivered by

MR. CHIEF JUSTICE JONES. This appeal is from the judgment of the Circuit Court affirming the judgment of a magistrate for $75 in an action for actual and punitive damages for unlawful and wanton refusal to allow plaintiff to board defendant's car.

It appears that on the 5th day of July, 1908, plaintiff attempted to board one of the electric passenger cars of the defendant at Langley, in Aiken county, having in his hand five cents worth of ice wrapped in a sack. The plaintiff had bought the ice for a sick man at Bath, S. C. and was hastening to carry it to him. The conductor refused to allow plaintiff to board the train with the ice, testifying that the ice was in a crocus sack and was leaking through the sack so that water would run over the floor of the car. The testimony of the plaintiff tended to show that the ice was fully wrapped and was not leaking. This issue was found in favor of plaintiff by the magistrate and affirmed by the Circuit Court, hence it must be regarded as settled that the ice was wrapped in a sack and was not leaking.

The defendant-appellant contends that there was no evidence of any breach of duty, and that motion for nonsuit as

to the entire cause of action, and especially as to punitive damages, should have been sustained.

In arguing these propositions contention is made that ice is not personal baggage. We cannot say, as matter of law, that a small piece of ice carried under the circumstances stated is not personal baggage. But the rule of the defendant company and the instructions given to its conductor assume that it may be so regarded under certain circumstances. Rule No. 16 of the defendant company for carrying packages provides: "Passengers must not be allowed to carry bulky or dangerous packages aboard cars" and the verbal instructions to conductor were not to accept anything like ice which was not wrapped or boxed so as to prevent melting or leaking over the floor. Hence the rules of the company did not prevent the acceptance as baggage of a small piece of ice wrapped so as not to leak over the floor.

The Circuit Court concurred with the magistrate in finding that there was some evidence of wilful invasion of plaintiff's rights. We think there was not a total failure of evidence on this point, and therefore the finding of the Circuit Court cannot be disturbed. There was testimony that plaintiff and the conductor had a previous difficulty, that plaintiff was attempting to board the car in a proper manner and with proper personal baggage, that he informed the conductor of the urgency of his carrying the ice to the sick man, that plaintiff offered to stay upon the platform with the ice and to pay for its transportation, but that nevertheless the conductor rudely shut the gate and would not let him get aboard, that the conductor following on next train permitted plaintiff to board the car with the ice wrapped in the same manner without objection.

The judgment of the Circuit Court is affirmed.